The Honorable Mike Bearden State Senator P.O. Box 1824 Blytheville, Arkansas 72316-1824
Dear Senator Bearden:
This is in response to your request, on behalf of interim Municipal Judge Ralph E. Wilson, Sr., for an opinion on two questions concerning the filling of vacancies in municipal judgeships. Specifically, Judge Wilson was appointed as interim municipal judge by Governor Clinton to fill a vacancy which occurred on September 1, 1991. The election to fill the vacancy, under Arkansas Constitution, art. 7, § 50 is set for December 3, 1991. Three lawyers have now qualified to run. The two questions presented are as follows:
 1. When does the term of the interim judge expire? Will it be after December 3, 1991, or if one of the three candidates fails to get a majority, will there be a runoff election on December 17?
 2. One lawyer has been practicing three and one-half years. Will he be qualified to serve as Municipal Judge if elected under A.C.A. § 16-17-104? Or does A.C.A. § 16-17-209 apply if he wins the election.
In response to your first question, it is my opinion that the interim municipal judge will serve until his successor is elected and qualified. Ark. Const. art. 19, § 5. It is unclear, in my opinion whether a runoff election is required in these circumstances. Unofficial Opinion No. 86-471, copy enclosed, opines that a runoff is required in this instance by virtue of A.C.A. § 7-5-106 (Cum. Supp. 1991), which requires runoffs for certain municipal offices after general elections. It is unclear, however, whether this statute applies to special elections to fill vacancies. There is no other statute governing the runoff requirement. In any event, the interim judge's term does not expire until his successor is elected and qualified. Any number of contingencies, (i.e., the candidate's withdrawal, death, or failure to qualify) could extend the interim judge's term beyond what is now anticipated.
The second question concerns the conflicting qualifications for municipal judge set out at A.C.A. §§ 16-17-104 and 16-17-209. This question was addressed in Unofficial Opinion No. 86-024, copy enclosed, in which it is concluded that A.C.A. § 16-17-104
is the controlling statute. Section 16-17-104 of the Arkansas Code was originally enacted as Act 538 of 1963, which provided that "a person otherwise qualified to hold the office of judge of any municipal court, shall be qualified for such office if he shall have practiced law at least four (4) years." The act was amended in 1967 to add an exception for cities with the aldermanic form of government and populations of fifteen thousand or less. In these cities, any attorney regularly licensed in the state if otherwise qualified is eligible to be municipal judge. This section was amended in 1969 to add that the four years of law practice must be "within this state." The section was amended again in 1981 to reduce the law practice requirement to three years.
All of these acts were adopted after all of the acts which comprise A.C.A. § 16-17-209. In my opinion, the original Act 538 of 1963, which applies to "any" municipal court and which in 1963 required four years of law practice, not necessarily in this state, repealed the six year law practice requirement of A.C.A. §16-17-209, and now, as amended, stands for the proposition that if any attorney has practiced three years in this state, no other law practice requirement is necessary. Additionally, in cities with aldermanic forms of government and populations of 15,000 or fewer, no law practice requirement obtains. It appears that Osceola, the city in question, falls into this category. It is therefore my opinion that the candidate about which you inquire would meet the law practice requirement of the statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General